**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE D. CHATMAN, ) | No. C 09-2215 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. ) | |
| M.E. POULOS, Warden, ) | |
| Defendant. ) | **(Docket No. 5)** |
| _____ ) | |

17   On May 19, 2009, the instant action was opened when plaintiff, a California prisoner
18 incarcerated at the California Institution for Men ("CIM") in Chino, California, and
19 proceeding pro se, filed a letter addressed to the Clerk of the Court. In the letter, plaintiff
20 complained he was being held against his will by the California Department of Corrections
21 and Rehabilitation ("CDCR"). That same date, the Court notified plaintiff that, in order for
22 the action to proceed, he must submit, within thirty days, a complaint and an in forma
23 pauperis ("IFP") application. On June 8, 2008, plaintiff filed both a complaint and an IFP
24 application.
25   In the complaint, plaintiff states he is awaiting a June 25, 2009 hearing in the Fresno
26 County Superior Court concerning his underlying criminal conviction. Plaintiff claims he
27 was wrongly convicted and is seeking the opportunity to tell the truth at the state court
28 hearing. Additionally, plaintiff states he is being held in prison as the result of an unlawful

parole revocation, and objects to any future attempt by the CDCR to place him on parole. For relief, plaintiff asks that he be allowed to testify under oath at his upcoming court hearing and that he be released from prison.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff claims his constitutional rights were violated in connection with his underlying criminal conviction and his parole revocation.[1] Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Consequently, a claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. See id. Here, plaintiff claims he is entitled to immediate release from prison because his conviction and parole revocation are invalid. Consequently, he is seeking habeas relief. A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus. See Trimble v. City of Santa

---

[1] Plaintiff does not seek money damages, but rather injunctive relief. If plaintiff did seek damages, however, such claim would be barred as premature, because plaintiff does not allege that either his conviction or parole revocation decision has been reversed, expunged, set aside or called into question. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); see Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (holding Heck bar applies to parole revocation proceedings).

2

Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, the instant complaint is hereby DISMISSED, without prejudice to plaintiff's refiling his claims in a petition for a writ of habeas corpus after he has exhausted those claims in the state courts.

In light of plaintiff's showing as to his lack of funds, the application to proceed IFP is hereby GRANTED.

This order terminates Docket No. 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 16, 2009

_____
MAXINE M. CHESNEY
United States District Judge